**Ray MARSHALL, Secretary of Labor, United States Department of Labor Plaintiff-Appellee,**

v.

**KENT STATE UNIVERSITY, Defendant-Appellant.**

No. 77-3284.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1978.

Decided Dec. 27, 1978.

William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, Robert Fowler, Buckingham, Doolittle & Burroughs, Akron, Ohio, for defendant-appellant.

Dennis Dowell, Jr., Linda Leasure, U. S. Dept. of Labor, Cleveland, Ohio, Jacob I. Karro, Sol., Lois G. Williams, Peter B. Dolan, Dept. of Labor, Washington, D.C., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges; and PECK, Senior Circuit Judge.

PER CURIAM.

Kent State University appeals from judgment of the district court holding that it violated the Equal Pay Act of 1963 (the Act) [1] by discriminating between employees on the basis of sex. The district court enjoined future violations of the Act by Kent State and awarded back pay in the amount of $144,572.15.

■ The first contention of the defendant-appellant is that the Equal Pay Act may not be constitutionally applied to a state university. This argument is based on its reading of the Supreme Court's holding in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). This construction of *National League of Cities* has not been adopted by this court. See *Marshall v. Owensboro-Daviess County Hospital*, 581 F.2d 116 (6th Cir., 1978), where this court found in Section 5 of the Fourteenth Amendment a constitutional basis for applying the Act to state and local governments as employers.

Kent State further argues that if the Act does apply the fact that it classified custodial employees in compliance with Ohio civil service laws constitutes a valid defense to the claims in this case. More than 80% of all females were classified as Custodial Worker I while all men in a custodial classification were placed by the employer in the higher paid Custodial II classification. It is urged that the civil service laws create a

1. The Equal Pay Act, 29 U.S.C. § 206(d), was incorporated into the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, by a 1963 amendment to Section 6 thereof. It was made applicable to state and local governments as employers by a 1974 amendment.

"merit system" which establishes differentials on a basis other than sex and that its compliance with these laws precludes a finding of willful violation of the Act.

■ Though the merit system argument was not presented to the district court we have considered it and find it unavailing. The district court analyzed the two classifications in question and found that "the duties specified as to both job classifications were substantially the same." The court also found that the skill, effort and responsibility required of workers in both classifications were substantially equal. Finally, the district court found the violation to be "wilful" since Kent State was aware of its obligations under the Act.

Upon consideration of the record on appeal together with the briefs and oral arguments of counsel the court concludes that the findings of fact of the district court are supported by substantial evidence and that controlling law has been applied correctly in this case.

The judgment of the district court is affirmed.